UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pamela M. Alloway, | Civ. No. 23-2667 (JWB/DJF) |
|     Petitioner, | |
| v. | **ORDER** |
| Michael Segal, *Warden*, | |
|     Defendant. | |

Pamela M. Alloway, Reg. No. 33453-045, FCI Waseca, P.O. Box 1731, Waseca, MN 56093, pro se Petitioner.

Ana H. Voss, Esq., and Emily M. Peterson, Esq., United States Attorney's Office, counsel for Defendant.

A Report and Recommendation ("R&R") was issued by United States Magistrate Judge Dulce J. Foster on November 3, 2023, recommending dismissal of the Petition in this case. (Doc. No. 3.) Petitioner Pamela Alloway filed an objection to the Report and Recommendation on December 13, 2023. (Doc. No. 6.)

The portions of the R&R to which Petitioner objects are reviewed *de novo*, and a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Any aspect of an R&R to which no specific objection is made is reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Because Petitioner is *pro se*, her objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The undersigned has reviewed Petitioner's objections to the November 3, 2023 R&R. Petitioner first objects stating it is unclear whether she was sentenced to Count 2 under the original indictment or Count 2 under the superseding indictment filed against her. If she was sentenced under the original indictment, then she asserts the underlying offense in Count 2 was a First Step Act eligible offense. "[A] superseding indictment has the same effect as dismissing an original indictment and filing a new indictment[.]" *United States v. Van Someren*, 118 F.3d 1214, 1219 (8th Cir. 1997) (quotations omitted). Therefore, Petitioner was sentenced to Count 2 under the superseding indictment (18 U.S.C. § 924(c)), which makes her ineligible for earned time credits. Petitioner's objection on this ground is overruled. This argument was also raised for the first time in Petitioner's objection. Therefore, Petitioner waived the issue by failing to raise it in the original Petition. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (concluding arguments waived when not first presented to the magistrate judge).

Petitioner's other objections mirror arguments that she made in her August 29, 2023 Petition, which were addressed by the Magistrate Judge in the R&R. After reviewing the R&R and the applicable law, the Court finds no clear error in the analysis. Accordingly, Petitioner's remaining objections are overruled, and the R&R is accepted in its entirety.

**IT IS HEREBY ORDERED** that:

1. Petitioner Pamela M. Alloway's Objection to the Report and Recommendation (Doc. No. 6) is **OVERRULED**;

2. The Report and Recommendation (Doc. No. 3) is **ACCEPTED**;

3. Petitioner Pamela M. Alloway's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

4. This action is **DISMISSED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Date: January 16, 2024	*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge